UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA THOMPSON, as personal representative )
of the Estate of John A. Thompson, )
                                  Plaintiff, )
                                            )          No. 1:23-cv-1089
-v-                                         )
                                            )          Honorable Paul L. Maloney
WALMART STORES EAST, INC., *et al.*,         )
                                  Defendants. )
_____)

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

After John Thompson paid for the items in his shopping cart and tried to leave the store, Defendant Ryan Miller stopped John and accused him of retail fraud. John had eaten some grapes and did not pay for the produce. Miller called the police and Defendant Sergeant Samuel Carlsen responded. Carlsen placed John in handcuffs. The complaint accuses Carlsen of excessive force because the handcuffs were too tight. Carlsen filed a motion for summary judgment (ECF No. 35). The Court finds a genuine issue of material fact exists whether John complained to Carlsen about the tightness of the handcuffs and will deny the motion.

## I.

John Thompson filed this complaint in October 2023. John passed away in July 2024 and the state probate court appointed his spouse, Tina Thompson, as the personal representative of John's estate. In September 2024, the Court substituted Tina as the plaintiff in this lawsuit.

According to the complaint, the underlying incident occurred in May 2023.  John suffered from diabetes and used two prosthetic legs.  He typically got around using a walker, wheelchair or a motorized device.  The events giving rise to this lawsuit occurred at Walmart in Paw Paw, Michigan.  John used a motorized cart to navigate the store.  He experienced a diabetic event and needed to raise his sugar levels.  John grabbed some grapes in the produce section and ate them.

John admits he only paid for the items in his cart and did not pay for the grapes he ate.  He contends he experienced a diabetic fog.  When John tried to leave the store, Defendant Ryan Miller stopped him.  Miller accused John of retail fraud.  Miller then escorted John to the store's retail loss office where Miller called the police.

Defendant Samual Carlsen, then a sergeant with the Paw Paw Police Department, responded to the call.  Carlsen placed John in handcuffs.  John pleads that he was in handcuffs for about forty-five minutes.  He also pleads that on several occasions he told Carlsen that the handcuffs were too tight.  Against Defendant Carlsen, the complaint pleads a claim for excessive force, a violation of the Fourth Amendment.

## II.

A trial court should grant a motion for summary judgment only in the absence of a genuine dispute of any material fact and when the moving party establishes it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the burden of showing that no genuine issues of material fact exist.  *Celotex Crop. v. Catrett*, 477 U.S. 317, 324 (1986).  To meet this burden, the moving party must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, any affidavits, and other

evidence in the record, which demonstrate the lack of genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). The moving party may also meet its burden by showing the absence of evidence to support an essential element of the nonmoving party's claim. *Holis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014).

When faced with a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court must view the facts and draw all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Maben v. Thelen*, 887 F.3d 252, 263 (6th Cir. 2018) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In resolving a motion for summary judgment, the court does not weigh the evidence and determine the truth of the matter; the court determines only if there exists a genuine issue for trial. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

III.

A.

Carlsen seeks summary judgment on any claim related to or arising from the time during which John remained handcuffed. Relying on video tape, Carlsen contends that John remained in handcuffs for approximately twenty-two minutes. Carlsen testified at his

deposition that he kept the handcuffs on John until Carlsen completed his investigation (ECF No. 41-4 Carlsen Dep. at 21 PageID.478).  Carlsen argues that the Sixth Circuit has found similar amounts of time reasonable while officers conducted their investigations.

In the response, Plaintiff does not address Carlsen's argument concerning the duration of the handcuffing.  Plaintiff has therefore waived any Fourth Amendment claim based on the length of time Carlsen kept John in handcuffs.

### B.

Carlsen also seeks summary judgment on the excessive force claim based on the tightness of the handcuffs.

Generally, the Fourth Amendment to our Constitution prohibits excessive force by law enforcement officers against individuals in their custody or under arrest.  *Hughey v. Easlick*, 3 F.4th 283, 289 (6th Cir. 2021).  The Sixth Circuit Court of Appeals has established a three-part test which courts apply to the specific excessive-force claim that law enforcement officials allegedly placed "too-tight handcuffs on a person's wrists."  *Id.*

> At the summary-judgment stage, a plaintiff must create a genuine dispute of material fact that "(1) [they] complained the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced 'some physical injury' resulting from the handcuffing."

*Id.* (quoting *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009)).  If a plaintiff establishes a genuine issue of material fact for these three elements, the court should deny a defendant's motion for summary judgment.  *Id.*

Carlsen contests Plaintiff's ability to establish the first two elements of a too tight handcuffing excessive-force claim.  Carlsen notes that soon after he placed John in handcuffs,

he removed the handcuffs to allow John to move from the motorized cart to a bench. Carlsen then put the handcuffs back on John. Both times Carlsen handcuffed John's wrists with his arms in front of his torso rather than with his arms behind his back (ECF No. 41-4 Carlsen Dep. at 63 PageID.520). Carlsen testified that he believed he checked the handcuffs for tightness both times he placed the handcuffs on John (*id.* at 35-36 PageID.492-93). Carlsen also denied that John ever asked him to loosen the handcuffs, that John ever said that the handcuffs were too tight, or that John ever said anything to suggest that the handcuffs were uncomfortable (*id.* at 82 PageID.539).

Viewing all of the evidence in the record in the light most favorable to Plaintiff, the Court finds a genuine issue of material fact on the first two elements of the too tight handcuffing excessive-force claim. At his deposition, counsel inquired whether John asked Carlsen to loosen the handcuffs, to which he replied "I believe I did" (Thompson Dep. at 28 PageID.398). Counsel also asked if John specifically recalled saying that the handcuffs were too tight, to which he also replied "I believe I did" (*id.* at 29 PageID.398). Carlsen and John Thompson offer different recollections of what John said to Carlsen about the handcuffs. At summary judgment, this Court must resolve any factual dispute in Plaintiff's favor.

At John's deposition, counsel played a portion of the video recording taken in the asset recovery office while Carlsen questioned John. No words are included in the transcript, but it indicates that the video played for approximately three minutes (ECF No. 41-2 J. Thompson Dep. at 46 PageID.403). The questions counsel posed suggests that the video

clip portrayed the initial handcuffing.  After viewing the video clip, counsel asked John if he heard himself asking Carlson to loosen the handcuffs, to which John replied "I did not" (*id.*).

John's answer to counsel's question does not resolve the factual dispute in Defendant's favor.  In his response, Plaintiff points out that John remained handcuffed for a much longer time than the clip played during deposition.  Defendant has not put forth indisputable evidence about what John did or did not say for the rest of the time he was handcuffed.[1]  Plaintiff testified that he believed he complained to Carlsen that the handcuffs were too tight and also that he asked Carlsen to loosen the handcuffs.

### C.

Defendant also seeks summary judgment on the basis of qualified immunity.  Because the Court has found a genuine issue of material fact about the first two elements of the excessive force claim, Defendant would be entitled to qualified immunity only if the applicable law was not well established.

The Court declines to grant Defendant summary judgment on the basis of qualified immunity.  The Sixth Circuit has "repeatedly recognized ... that 'freedom from excessively forceful or unduly tight handcuffing is a clearly established right for purposes of qualified immunity.'"  *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 278 (6th Cir. 2020) (quoting *Baynes v. Cleland*, 799 F.3d 600, 613 (6th Cir. 2015)).  In *Baynes*, the court

---

[1]  Defendant provided the Court a courtesy copy of the video recording of what transpired in the retail loss office.  The Court was able to view the video but could not hear any audio.  The Court does not know if the problem was a lack of audio associated with the file or if the file and the District's software were incompatible or something else.  Court used two different computers and tried more than one software program to open the file.  The Court also sought assistance from the District's IT personnel.  Because the Court could hear anything that John might or might not have said to Carlsen, the video that the Court viewed does not resolve the factual dispute.

reviewed Sixth Circuit precedent and held, as early as 1991, it was clearly established "that excessively forceful handcuffing violates the Fourth Amendment's prohibition against excessive force." 799 F.3d at 613. Since 1991, the Sixth Circuit has "directly and unequivocally determined, time and time again, that unduly tight or excessively forceful handcuffing is a clearly established violation of the Fourth Amendment." *Id.* (collecting cases).

IV.

The Court will deny Defendant Carlsen's motion for summary judgment on Plaintiff's excessive force claim. A genuine issue of material fact exists whether John Thompson told Carlsen that the handcuffs were too tight or asked Carlsen to loosen the handcuffs. And, Carlsen is not entitled to qualified immunity. When the incident occurred in May 2023, the law was clearly established that unduly tight handcuffs violate the Fourth Amendment.

**ORDER**

For the reasons provided in the accompanying Opinion, the Court **DENIES** Defendant Carlsen's motion for summary judgment (ECF No. 35). **IT IS SO ORDERED.**

Date:___December 5, 2024                        /s/  Paul L. Maloney_____
                                                           Paul L. Maloney
                                                           United States District Judge